IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATRINA J. DORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:05cv742 |
| | ) | |
| CHI-CHI'S, INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently pending before for the Court for disposition is Plaintiff's MOTION TO REMAND CIVIL ACTION TO STATE COURT (*Document No. 2*) and Defendant's RESPONSE TO PLAINTIFF'S MOTION TO REMAND CIVIL ACTION TO STATE COURT (*Document No. 5*). For the following reasons, the motion will be granted.

After a thorough review of the arguments of counsel presented in their briefs, the applicable statutory law, including 28 U.S.C. §§ 157, 1334(c)(1) (permissive abstention), 1334(c)(2) (mandatory abstention), and 1452(b), and various equitable factors, the Court finds that both state and federal jurisdiction are appropriate in this matter.

The Court observes that there are factors which weigh in favor of retaining federal jurisdiction and factors which support remanding the action to state court. A reason to maintain federal jurisdiction is that the case clearly "relates to" a bankruptcy case. *See Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)[1] and generally principles of judicial economy would

---

[1] In *Pacor Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984), the Court of Appeals for the Third Circuit instructed that:
"Whether a civil proceeding is related to a bankruptcy is [determined by] whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the
(continued...)

militate in favor of maintaining all similar or related actions in a single forum for efficient utilization of resources. In this instance, however, although the case is related to the Chi-Chi's, Inc. bankruptcy, the United States Bankruptcy Judge has permitted the hepatitis claimant(s) to prosecute their claim "in a non-bankruptcy court" and acknowledged that collection on said claim will be "from one or more of Chi-Chi's Insurance Companies." Accordingly, the outcome of Plaintiff's claim will likely have no impact whatsoever on altering debtor's rights, liabilities, options or otherwise affect the administration of the bankruptcy estate. Therefore, the relationship of this case to the bankruptcy action is not compelling. The Court acknowledges that this is a non-bankruptcy court; however, the state court is as well.

The causes of action asserted by Plaintiff are based on state law and do not involve federal or novel legal issues which may better be resolved by the federal court. Also it is observed that the Plaintiff filed his state court action in the Court of Common Pleas of Beaver County, Pennsylvania, to be heard before an arbitration panel in which the jurisdictional amount is limited to $25,000.00. Presumably an early arbitration hearing may be scheduled upon the filing by the attorneys of a certificate of readiness. In view of a mediation having already been conducted between the parties, the need for discovery in this case should also be limited. Therefore, counsel and the parties should be poised for an arbitration hearing in a relatively brief period of time in the Court of Common Pleas of Beaver County.

---

[1](...continued)
proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

The Court appreciates and is mindful of the Plaintiff's choice of forum to litigate this matter in the county in which the Plaintiff lives and the subject incident occurred. The Court also believes that the claim will be litigated to finality more promptly through the arbitration process in the Court of Common Pleas of Beaver County than it will in this forum irrespective of the minor inconvenience to counsel for Chi-Chi's. Accordingly, this Court will abstain pursuant to 28 U.S.C. 1334(c)(1) and this action will be remanded to the Court of Common Pleas of Beaver County, Pennsylvania.

Plaintiff's request for attorney fees, costs and expenses pursuant to 28 U.S.C. §1447 is not justified under the facts and circumstances of this matter insofar as there has been no showing of bad faith on the part of Chi-Chi's and it clearly had a colorable, legitimate and proper basis upon which to seek removal.

An appropriate Order follows.

McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATRINA J. DORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 02:05cv742 |
| ) | |
| CHI-CHI'S, INC., ) | |
| a Delaware Corporation, ) | |
| ) | |
| Defendant. ) | |

### ORDER OF COURT

AND NOW, this 6th day of July, 2005, in accordance with the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED and DECREED** as follows:

1. Plaintiff's Motion to Remand Civil Action to State Court is **GRANTED** and this action is hereby **REMANDED** to the Court of Common Pleas of Beaver County **FORTHWITH**; and,

2. Plaintiff's request for an award of attorney fees, costs and expenses is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Mark R. Galzerano, Esquire
1301 Hornyak Drive
Aliquippa, PA 15001-4544

James R. Miller, Esquire
Christopher T. Lee, Esquire
Dickie, McCamey & Chilcote
Two PPG Place - Suite 400
Pittsburgh, PA 15222-5402